**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50010 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02767-LAB |
| v. | |
| PENNINA RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Pennina Ramirez appeals from the 57-month sentence imposed following

her guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C.

§§ 952 and 960.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

First, Ramirez contends the district court erred by denying her request for a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). The district court did not clearly err by declining to apply a minor role adjustment because, among other things, Ramirez knowingly transported a substantial amount of narcotics and planned on accepting money in return. *See United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000); *United States v. Davis*, 36 F.3d 1424, 1437 (9th Cir. 1994).

Second, Ramirez contends the district court misapplied the Guidelines by erroneously substituting its judgment for the Sentencing Commission's judgment and declining to adjust downward. The district court did not misapply the Guidelines because Ramirez failed to show that she was entitled to a minor role adjustment. *See Hursh*, 217 F.3d at 770; *Davis*, 36 F.3d at 1437.

Finally, Ramirez contends the district court created an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6) because her offense level should have been reduced by five levels instead of two. This contention fails because the record reflects that the district court properly calculated the guidelines and applied the § 3553(a) factors at sentencing. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**